NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 21 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATEO JUAN TOMAS, | No. 22-230 |
| Petitioner, | Agency No. A088-124-752 |
| v. | MEMORANDUM* |
| TODD BLANCHE, Acting Attorney General, | |
| Respondent. | |

| | |
|---|---|
| ANA TOMAS AGUSTIN, | No. 22-231 |
| Petitioner, | Agency No. A206-459-290 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 13, 2026
Seattle, Washington

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: PAEZ and BUMATAY, Circuit Judges, and KASUBHAI, District Judge;[**] Dissent by Judge Bumatay.

Mateo Juan Tomas ("Tomas") and his daughter, Ana Tomas Agustin ("Tomas Agustin") (collectively, "Petitioners"), natives and citizens of Guatemala, petition for review of the decisions of the Board of Immigration Appeals ("BIA"), dismissing their appeals from the decision of the Immigration Judge ("IJ") denying their applications for relief from removal. Both Petitioners applied for withholding of removal and protection under the Convention Against Torture ("CAT"). Tomas Agustin also applied for asylum.[1]

We review the BIA's dismissal order and the portions of the IJ's decision that the BIA incorporated as its own. *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022). We review de novo whether the agency applied the correct "standard of persecution." *Urias-Orellana v. Bondi*, 146 S. Ct. 845, 849 n.1 (2026). We review for substantial evidence the agency's factual findings and the agency's conclusion as to whether those facts rise to the level of persecution. *Id.* at 851. Exercising jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), we grant the petitions for review and

---

[**]    The Honorable Mustafa T. Kasubhai, United States District Judge for the District of Oregon, sitting by designation.

[1]    The IJ issued one decision for both Petitioners. The BIA issued separate decisions denying their appeals. Petitioners appealed separately to this court. Tomas's appeal is No. 22-230. Tomas Agustin's appeal is No. 22-231. We consolidate the appeals for purposes of this disposition.

remand for further proceedings consistent with this disposition.

Tomas's uncle and father have long fought over Tomas's family home, and Tomas's uncle claims that the home belongs to him. Early in the dispute, Tomas's uncle physically assaulted Tomas's father, and Tomas's father was sent to the hospital after the attack. Beginning in 2010, while Tomas and his family were living in the home, the uncle began a campaign to push them out. On five separate occasions over two years, Tomas's uncle approached the family home in a drunken rage and fired his gun at the house while Tomas and his family were inside, apparently with the intent to kill them. Each time, the uncle screamed threats at Tomas and his family and demanded that they abandon the home.

The evidence compels the conclusion that Tomas experienced past harm rising to the level of persecution. The BIA correctly noted that persecution must be "extreme," but "any reasonable adjudicator would be compelled to conclude" that what Tomas experienced was extreme. *Urias-Orellana*, 146 S. Ct. at 850 (quoting 8 U.S.C. § 1252(b)(4)(B)). "Threats and attacks can constitute persecution even where an applicant has not been beaten or physically harmed." *Baballah v. Ashcroft*, 367 F.3d 1067, 1074 (9th Cir. 2004). When there are multiple threats over a period of years, coupled with violent confrontations, "a rational factfinder could only conclude that you have suffered past persecution." *Ruano v. Ashcroft*, 301 F.3d 1155, 1157, 1160–61 (9th Cir. 2002). This case is "distinguishable" from a case

based on pure threats, and compels a finding of past persecution, "because [Tomas] was 'closely confronted' and put in harm's way on numerous occasions by [a man] he knew to be armed and out to get him." *Id.* at 1160.

More serious than the near-miss confrontations in *Ruano*, *id.* at 1158, Tomas was shot at multiple times. Even a single incident of gunfire in one's direction, coupled with an anonymous threat, compels a finding of past persecution. *Madrigal v. Holder*, 716 F.3d 499, 504 (9th Cir. 2013). The multi-year campaign of gunfire and threats Tomas endured thus amounts to persecution. *Id.*; *see also Kaur v. Wilkinson*, 986 F.3d 1216, 1223 (9th Cir. 2021) ("[A]ttempted murder constitutes persecution."); *Baballah*, 367 F.3d at 1071, 1074 (emphasizing that the persecutors "shot bullets in the air over Baballah's boat"). And the uncle's prior violence against Tomas's father "adds additional strength to his claim of past persecution." *Baballah*, 367 F.3d at 1075.

Even if the identity and motive of the persecutor are relevant to the nexus and other critical inquiries, they are irrelevant to the level of harm that Tomas experienced, and the agency must undertake those separate inquiries in the first instance. *See Lapadat v. Bondi*, 145 F.4th 942, 953 n.7 (9th Cir. 2025).

As for Tomas Agustin, the agency must reconsider whether she experienced past persecution because it applied the wrong "standard of persecution" to her claim. *Urias-Orellana*, 146 S. Ct. at 849 n.1. The BIA suggested that the uncle's attacks

could only constitute persecution of Tomas Agustin if she "perceived" the gunfire and threats, citing *Hernandez-Ortiz v. Gonzales*, 496 F.3d 1042, 1046 (9th Cir. 2007). This ignores our more recent caselaw. Whether an infant experiences harm rising to the level of persecution depends on the severity of persecution her family experiences—including persecution that occurs before she is born—and the deprivations that follow. *Mendoza-Pablo v. Holder*, 667 F.3d 1308, 1314–15 (9th Cir. 2012). On remand, the agency must take into account that Tomas experienced harm rising to the level of persecution and consider any impacts of that persecution on Tomas Agustin.[2]

Because the agency erred in its past persecution determination, the agency also erred in denying Tomas the regulatory presumption of future persecution, 8 C.F.R. § 1208.16(b)(1)(i), and may have similarly erred as to Tomas Agustin, *id.* § 1208.13(b)(1). And the agency did not make the necessary findings to overcome the presumption. The BIA emphasized the lack of evidence submitted by Petitioners in support of their well-founded fears, but a lack of evidence is not a change in circumstances, and the burden was on the government—not Petitioners—to

---

[2] Given the IJ's limited findings, the BIA may find it necessary to remand to the IJ for further fact finding. *Rodriguez v. Holder*, 683 F.3d 1164, 1170 (9th Cir. 2012). As the BIA noted, the IJ failed to make any findings as to how much of the uncle's terror campaign Tomas Agustin experienced. Nor did the IJ make any findings as to how the terror campaign impacted Tomas Agustin in her infancy, including the harms that followed from being "forced to flee." *See Mendoza-Pablo*, 667 F.3d at 1314.

introduce evidence showing a change in circumstances. 8 C.F.R. § 1208.16(b)(1)(ii); *id.* § 1208.13(b)(1)(ii). Further, the BIA did not discuss safe relocation.

Finally, the agency tied its analysis of Tomas's CAT claim to its erroneous determination that he did not establish past harm rising to the level of persecution. And the agency similarly tied Tomas Agustin's withholding and CAT claims to the flawed past persecution analysis. The agency must reconsider each claim on remand.[3]

**PETITIONS GRANTED; REMANDED.**

---

[3] Tomas's motion to stay removal, Dkt. 25, No. 22-230, is GRANTED.

BUMATAY, Circuit Judge, dissenting:

Our standard of review in immigration cases is well-established. "[W]e may reverse only if the evidence compels a conclusion contrary to the" Board of Immigration Appeals' ("BIA"). *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). That is one of the most deferential standards in the law. We can't substitute our judgment for the BIA's—no matter how much we disagree. Because the record doesn't compel the conclusion that Mateo Juan Tomas or his daughter, Ana Tomas Agustin, experienced past persecution, I respectfully dissent.

"[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Ghaly v. I.N.S.*¸ 58 F.3d 1425, 1431 (9th Cir. 1995) (simplified). In this case, Tomas and his daughter were caught in the middle of a family feud. Tomas's elderly uncle had a longstanding conflict with Tomas's father about inheritance of a house. Tomas's uncle also had a drinking problem. Apparently, on five occasions, Tomas's drunken uncle shot a gun in the direction of Tomas's house. While the house sustained some damage, no one was ever injured in the incidents. Tomas never alleged that his uncle shot a gun directly at any person. It was always the house that was the target. Police arrested the drunken uncle at least six times. While frightening, it wasn't frightening enough for Tomas to leave the house or ensure his daughter was safe away from the house. He continued to live there with his daughter for two years after the uncle's last shooting

22-230

incident.  Clearly this was an unfortunate family feud, but these facts don't require that the BIA find persecution.  *See Sharma v. Garland*, 9 F.4th 1052, 1061 (9th Cir. 2021) ("serious maltreatment that is sustained and recurring is more likely to compel the conclusion of past persecution, whereas sporadic incidents, unaccompanied by an ongoing pattern of harm, less so.").

Because Tomas failed to establish past persecution, no presumption of future persecution exists.  *See id.* at 1060.  And the record supports the BIA's conclusion that Tomas failed to demonstrate a clear probability of future persecution—his family has continued to safely reside in the home, and no evidence supports that his uncle, who would be in his 80s by now, will seek to harm Tomas or his daughter.

Substantial evidence also supports the denial of Tomas's daughter's claims. It is a well-established rule in our court "that injuries to a family must be considered in an asylum case where the events that form the basis of the past persecution claim were *perceived* when the petitioner was a child."  *Hernandez-Ortiz v. Gonzales*, 496 F.3d 1042, 1046 (9th Cir. 2007) (emphasis added).  It is uncontested that, as an infant at the time, she did not perceive the uncle's shootings.  And nothing in *Mendoza-Pablo v. Holder*, 667 F.3d 1308 (9th Cir. 2012), changed that rule.  Indeed, *Mendoza-Pablo* reiterated that rule.  *Id.* at 1314.  Nor can the BIA properly overrule our precedent.

We thus should have left undisturbed the BIA's rulings and denied the

petition.